## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:08-CV-85-RLV-DCK

| | | |
|---|---|---|
| **BILLIE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND** |
| **v.** | ) | **RECOMMENDATION** |
| | ) | |
| **MICHAEL ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Plaintiff's Motion For Summary

Judgment" (Document No. 6) and "Plaintiff's Memorandum Supporting Motion For Summary

Judgment" (Document No. 7), filed December 5, 2008; and Defendant Commissioner's "Motion For

Summary Judgment" (Document No. 8) and Defendant's "Memorandum In Support Of The

Commissioner's Decision" (Document No. 9), filed February 4, 2009.  This case has been referred

to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and these motions are ripe

for disposition.

After careful consideration of the written arguments, administrative record, and applicable

authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary

Judgment" be denied;  Defendant's "Motion for Judgment on the Pleadings" be granted;  and that

the Commissioner's decision be affirmed.

### I.  PROCEDURAL HISTORY

Plaintiff Billie D. Moore ("Plaintiff") through counsel, seeks judicial review of an

unfavorable administrative decision on her application for disability benefits.  On November 3,

2003, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB")

under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling condition beginning October 1, 2001. (Transcript of the Record of Proceedings ("Tr.") 47-49). Defendant Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on March 24, 2004, and again after reconsideration on July 8, 2004. (Tr. 29, 35). Plaintiff filed a timely written request for a hearing on August 12, 2004. (Tr. 39). On April 18, 2006, Plaintiff appeared and testified at a hearing before Administrative Law Judge Charles Bisco ("ALJ"). (Tr. 363). On or about September 11, 2006, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 10). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 6, 2008; thus the September 11, 2006 ALJ decision became the final decision of the Commissioner. (Tr. 5-7).

Plaintiff's action seeking a reversal of the ALJ's determination was filed in this Court on August 5, 2008. The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than

create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" October 1, 2001 through December 31, 2003, as that term of art is defined for Social Security purposes.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On September 11, 2006, the ALJ found that Plaintiff was not "disabled" at any time between October 1, 2001 and December 31, 2003. (Tr. 22). The Social Security Administration has

_____

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

established a five-step sequential evaluation process for determining if a person is disabled.  (20

C.F.R. § 404.1520(a)).  The five steps are:

(1)     whether claimant is engaged in substantial gainful activity - if yes, not
        disabled;

(2)     whether claimant has a severe medically determinable physical or mental
        impairment, or combination of impairments that meet the duration
        requirement in § 404.1509 - if no, not disabled;

(3)     whether claimant has an impairment or combination of impairments that
        meets or medically equals one of the listings in appendix 1, and meets the
        duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform
        her/his past relevant work - if yes, not disabled; and

(5)     whether considering claimant's RFC, age, education, and work experience
        he/she can make an adjustment to other work - if yes, not disabled.

(20 C.F.R. § 404.1520(a)(4)(I-v)).  In this case, the ALJ determined at the fourth step that the

Plaintiff was not disabled.

    Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful

activity after her alleged disability onset date.  (Tr. 15).  At the second step, the ALJ found that

Plaintiff's fibromyalgia was a severe impairment, but that her cervical disease, osteopenia, bladder

condition, plantar fasciitis, hypertension, palpitations/mitral valve prolapse, dysthymia,

gastroesophageal reflux disease, obesity, occasional hand tremor, and any osteoarthritis, were

nonsevere.  (Tr. 15-18).[2]  At the third step, the ALJ determined that Plaintiff did not have an

_____

    [2]  The determination at the second step as to whether an impairment is "severe" under the
regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See
Bowen v. Yuckert, 482 U.S. 137 (1987).

4

impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 18).

Next, the ALJ assessed Plaintiff's RFC and found she retained the capacity to perform "the full range of  light work through December 31, 2003."  (Tr. 22).  Specifically, the ALJ found that "the claimant had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, stand/walk 6 hours out of an 8-hour workday, and sit 6 hours out of an 8-hour workday."  (Tr. 18).

At the fourth step, the ALJ concluded that Plaintiff could perform her past relevant work as an assembly worker and medical office assistant.  (Tr. 22, Finding 6).  Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between the alleged onset date of October 1, 2001, and the date last insured, December 31, 2003.  (Tr. 22).

Plaintiff on appeal to this Court contends that the ALJ erred at step two by failing to properly evaluate Plaintiff's cervical spine disease.  (Document No. 7).  Plaintiff argues that the Commissioner failed to "analyze and weigh evidence that supports Ms. Moore's claim that her cervical spin condition is a severe impairment." (Document No. 7,  p.6).  Plaintiff faults the ALJ's decision for relying on a report regarding an MRI on July 30, 2003, showing only a minimal annular bulge in the Plaintiff's cervical spine, and thus concluding her cervical spine disease was minimal. Id.

It appears to the undersigned that the ALJ thoroughly reviewed the evidence of record in determining the impact of Plaintiff's impairments and the RFC that resulted from functional

limitations related to her medical conditions. (Tr. 15-22). In assessing Plaintiff's alleged impairments, "including cervical disease," the ALJ opined:

> These impairments, singly and in combination, are shown by the record to have had no more than a minimal effect on the claimant's ability to perform work-related functions, or in most cases, failed to meet the durational requirements of the Act, in that the impairments, while "severe", lasted for only a short time and then resolved on their own, or were medically treated successfully.

(Tr. 17). Plaintiff argues that the ALJ erred in failing to specifically cite certain information in his decision, related to Plaintiff's cervical condition, that would support a finding of a severe impairment. (Document No. 7, p.6-7). Plaintiff assumes, therefore, that the ALJ did not evaluate the pertinent information. (Document No. 7, p.6). The undersigned is unable to join that assumption.

Defendant argues that an "ALJ is not required to cite every result from every medical report in his decision." (Document No. 9, p.5). Pursuant to 20 C.F.R. § 404.953, the ALJ "shall issue a written decision that gives the findings of fact and the reasons for the decision. The administrative law judge must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record."

In reaching a determination of Plaintiff's RFC, the ALJ stated that he considered the subjective complaints, the substantial evidence of record, and the medical opinions of the State Agency medical physicians. (Tr. 21). It is worth noting that the State Agency consultants, who had previously examined the record, concluded that Plaintiff was capable of working at the medium exertional level. (Tr. 21). The ALJ gave those assessments some weight, but found the Plaintiff's RFC was for light work instead of medium. (Tr.21).

Plaintiff contends that an ALJ must "present findings and determinations sufficiently articulated to permit meaningful judicial review." (Document No. 7 at p.6). The undersigned finds that the ALJ met this requirement. Plaintiff does not cite authority, and the undersigned is aware of none, that requires the ALJ to recite verbatim the findings of each and every medical provider in supporting his decision. The ALJ's decision makes sufficient references to the entire record, including the allegations of cervical spine disease, for the undersigned to conclude that proper weight was given to the evidence, and that substantial evidence supported his determination.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and thus substantial evidence supports the Commissioner's decision. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 6) be **DENIED**; Defendant's "Motion For Judgment On The Pleadings" (Document No. 8) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of

same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Richard L. Voorhees.


**IT IS SO RECOMMENDED**.


Signed: August 4, 2010


David C. Keesler
United States Magistrate Judge


8